**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:            March 12, 2015

Courtroom Deputy:  Kathleen Finney
Court Reporter:     Tracy Weir
Probation Officer:   Gary Kruck

---

**Criminal Action No.  14-cr-00205-REB-2**

_Parties:_                              _Counsel:_

UNITED STATES OF AMERICA,            Michele Korver

     Plaintiff,

v.

2.  BRENDA HUSSEY,                    Arthur Nieto

     Defendant.

---

**SENTENCING MINUTES**

---

**1:40 p.m.      Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Pending before the court relevant to sentencing are the following papers: the defendant's **Objection to Presentence Investigation Report** [#56] filed February 23, 2015; and the **United States § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#61] filed March 9, 2015.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

      **IT IS ORDERED** as follows:

1.     That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2.     That the pending motions are resolved as follows: the **United States § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#61] is **GRANTED**;

3.     That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Indictment;

4.     That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **time served**;

5.     That the defendant shall be placed on supervised release effective forthwith for a term of **one year**; provided furthermore, that within 72 hours of today, the defendant shall report in person to the U.S. probation department within the district to which she is released;

6.     That while on supervised release, the defendant shall comply with the following conditions of supervised release:

        •    all mandatory conditions of supervised release, prescribed by law

at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

• all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; which standard conditions are itemized and cataloged for the defendant in the presentence report in its second sentencing recommendation [#58-1] on pages R-1 through R-3; and

• the following explicit or special conditions of supervised release:

    • that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    • that the defendant shall not possess or use illegally controlled substances;

    • that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

    • that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    • that the defendant shall submit to one drug test within fifteen (15) days of the entry of formal judgment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    • that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation and an alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

7.  That no fine is imposed;

8.  That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9.  That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

10. That immediately following the conclusion of this sentencing hearing, the defendant shall confer with Mr. Kruck to discuss, at least, the scheduling of an appointment of the defendant to read, review, and execute the conditions of supervised release imposed by the court.

The defendant is advised of the right to appeal the sentence imposed by the court.

**2:08 p.m.    Court in recess.**

Total time in court: 00:28

Hearing concluded.